IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHNNY DOES I - VII, on behalf of themselves and others similarly situated, | ) Case No.<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) 42 U.S.C. § 1983<br>) CLASS ACTION COMPLAINT<br>) AND JURY TRIAL DEMAND |
| DOUG PETERSON, Attorney General of the State of Nebraska, in his official capacity; and Colonel JOHN A. BOLDUC, Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

COME NOW the plaintiffs, by and through undersigned counsel, on behalf of themselves and others similarly situated and for their Complaint hereby state:

### PRELIMINARY STATEMENT

This is a civil rights action arising out of the violation of Plaintiffs', and others similarly situated, Constitutional rights. Plaintiffs brings this case on behalf of themselves and others similarly situated for violation of their civil rights under the Eighth Amendment, Equal Protection Clause and Privileges or Immunities Clause, Section 1, Clause 2, of the Fourteenth Amendment and the Privileges and Immunities Clause, Article IV, Section 2, Clause 1, of the United States Constitution.

This action is brought pursuant to 42 U.S.C. § 1983 because defendants have been unlawfully and unconstitutionally applying subdivisions (1)(a)(iv) and (1)(b)(iii)

1

of section 29-4003 of the Nebraska Sex Offender Registration Act (SORA) and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska.

## INTRODUCTION

In 1994, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act (SORA) which conditioned certain federal funding on a state's adoption of sex offender registration laws within 3 years. In response, Nebraska enacted SORA in 1996. The Adam Walsh Child Protection and Safety Act of 2006 (SORNA) was signed into law in July 2006. Title I of SORNA required that states, including Nebraska, substantially implement SORNA by July 27, 2009.

On March 18, 2009, Colonel Bryan Tuma, then-Superintendent for the Nebraska State Patrol, informed the Judiciary Committee of the cost of not fully implementing the Adam Walsh Act. He testified that jurisdictions who did not substantially comply with the Adam Walsh Act by July 27, 2009, will face mandatory 10 percent reductions in Byrne Justice Assistance Grant funding and would result in a total loss of over one-half million dollars. Nebraska requested two one-year extensions to July 27, 2011.

On December 14, 2011, the U.S. Department of Justice, Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (SMART) notified the State of Nebraska that the State of Nebraska had not substantially

implemented SORNA by the deadline. The SMART Office informed Nebraska that, but for Nebraska's failure to require registration of juveniles adjudicated delinquent of certain SORNA-enumerated offenses, the SMART Office would have granted Nebraska substantial implementation status.

In response, then-Chairman of the Judiciary Committee, Senator Brad Ashford, said, "for the money we're losing, it's just not worth it." Senator Ashford also said the focus of juvenile court is rehabilitation, not punishment, and that it was problematic to include juveniles who were found responsible for offenses deemed not serious enough for prosecution in adult court. Then-Governor Dave Heineman, said the way juvenile offenders are treated "can have very serious and long-term consequences to the successful rehabilitation."

Despite the decision by Nebraska lawmakers to exclude juveniles from the Sex Offender Registry, the Nebraska State Patrol applied subdivisions (1)(a)(iv) and (1)(b)(iii) of section 29-4003 of SORA and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska. Public notification is effectuated via the Nebraska Sex Offender Registry website administered by the community notification division of the Nebraska State Patrol, which also provides sex offenders present a high risk to commit repeat offenses.

The Nebraska State Patrol knew full well, based on a significant amount of empirical data, not all individuals listed on the sex offender registry—particularly juveniles—present a high risk to commit repeat offenses.

3

On March 21, 2016, Senior United States District Judge Richard G. Kopf permanently enjoined Nebraska's Attorney General and State Patrol from enforcing Neb. Rev. Stat. § 29-4003(1)(a)(iv) against an individual with a juvenile adjudication in Minnesota on the basis that individuals with juvenile adjudications are not "sex offenders" for purposes of SORA. *A.W. v. Wood*, 8:14CV256 (D. Neb. Mar. 21, 2016). Judge Kopf stated, "[i]t is simply not possible to draw from the Nebraska statutes a desire to impose a stigmatizing burden on juveniles adjudicated out of state while not doing so to juveniles adjudicated in Nebraska." *Id.*

On July 31, 2017, the Eighth Circuit Court of Appeals affirmed the decision of Judge Kopf. Although the Eighth Circuit avoided deciding the constitutional issues, the court wrote:

> We believe the application of SORA and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska raises serious constitutional concerns under the right to travel and to equal protection of the laws.

*A.W. v. State of Nebraska*, 865 F.3d 1014, n.3 (8th Cir.2017)

On or about August 4, 2017, Frederick R. King, Associate General Counsel for the Nebraska State Patrol notified 74 individuals, including the plaintiffs, that they were no longer subject to the Nebraska Sex Offender Registration Act.

4

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States and is brought pursuant to Title 42 U.S.C. § 1983. Subject matter jurisdiction over the federal constitutional issues is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting the claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Johnny Doe I is a resident of the State of Nebraska. He received a juvenile adjudication at the age of 12 from another state and was placed on the Nebraska Sex Offender Registry as a lifetime registrant upon moving to the State of Nebraska. He has not been allowed to attend public school with his peers because of his registration as sex offender.

4. Johnny Doe II is a resident of the State of Nebraska. He received a juvenile adjudication at the age of 16 from another state and was placed on the Sex Offender Registry as a lifetime registrant. He served a term of incarceration for failing to register in person as a sex offender on his 19th birthday.

5. Johnny Doe III is a resident of the State of Nebraska. He received a juvenile adjudication at the age of 12 from another state and was placed on the Nebraska Sex Offender Registry as a lifetime registrant upon moving to the State of Nebraska at age 37. He couldn't gain employment after being placed on the registry.

6. Johnny Doe IV is a resident of the State of Nebraska. He received a juvenile adjudication at the age of 13 from another state and was placed on the Nebraska Sex Offender Registry as a lifetime registrant upon moving to the State of Nebraska. He was homeless for a time because of the sex offender registry.

7. Johnny Doe V is a resident of the State of Nebraska. He received a juvenile adjudication from another state and was placed on the Nebraska Sex Offender Registry as a lifetime registrant upon moving to the State of Nebraska.

8. Johnny Doe VI is a resident of the state of Nebraska. He received a juvenile adjudication from another state and was placed on the Nebraska Sex Offender Registry as a lifetime registrant upon moving to the State of Nebraska. He has served two terms of incarceration for failure to register as a sex offender and is homeless.

9. Johnny Doe VII is a resident of the state of Nebraska. He received a juvenile adjudication from another state and was placed on the Nebraska Sex Offender Registry as a lifetime registrant.

10. Defendant Doug Peterson, Attorney General of Nebraska, is the authorized legal representative for the State of Nebraska and is responsible for the enforcement of laws and prosecution of crimes throughout the State. He is sued in his official capacity.

11.     Defendant Colonel John A. Bolduc is the Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol. He is sued in his official capacity.

## CLAIMS FOR RELIEF

12.     The Nebraska State Patrol applied SORNA and its public notification requirements to juveniles adjudicated delinquent in other jurisdictions but not in Nebraska.

## COUNT ONE
## Equal Protection

13.     The application of SORNA and its public notification requirements to plaintiffs adjudicated delinquent in other jurisdictions but not individuals adjudicated delinquent in Nebraska violated Plaintiffs' and others similarly situated right to equal protection of the laws in violation of the Fourteenth Amendment to the U. S. Constitution.

14.     The State of Nebraska discriminated against Plaintiffs and others similarly situated solely because the adjudication occurred in another jurisdiction.

15.     Discrimination based on the jurisdiction in which an adjudication occurred is not rationally related to a legitimate government interest.

## COUNT TWO
### Privileges or Immunities and Privileges and Immunities

16. The application of SORNA and its public notification requirements to plaintiffs adjudicated delinquent in other jurisdictions but not individuals adjudicated delinquent in Nebraska violated Plaintiffs' and others similarly situated right to travel protected by the Privileges or Immunities and Privileges and Immunities Clauses of the U.S. Constitution.

17. Nebraska's application of SORNA to Plaintiffs and others similarly situated treated nonresidents who visit Nebraska differently than then-current residents.

18. Nebraska's Application of SORNA to Plaintiffs and others similarly situated discriminated against citizens of other states who wished to establish residence in Nebraska.

## COUNT THREE
### Cruel and Unusual Punishment

19. The application of SORNA and its public notification requirements, which declares "that sex offenders present a high risk to commit repeat offenses," constituted cruel and unusual punishment in violation of the Eighth Amendment to the U. S. Constitution as-applied to Plaintiffs and others similarly situated.

20. The magnitude of restraint of SORNA as-applied to Plaintiffs and others similarly situated, involving affirmative restraints and disabilities similar to and arguably greater than traditional parole and not dependent upon any individualized

finding that Plaintiffs and others similarly situated posed a risk to the safety of others, constituted punishment.

21.    The length of registration requirement for Plaintiffs and others similarly situated—lifetime registration—did not correspond to the recidivism risk of Plaintiffs and others similarly situated and constituted punishment.

22.    The consequences experienced by Plaintiffs and others similarly situated flowed directly from SORNA's registration and public dissemination provisions and not a fact of conviction because the information related to the adjudications of Plaintiffs and others similarly situated was confidential and was not already a matter of public record.

## CLASS ACTION AVERMENTS
### Adequate Class Definition

23. The proposed class would include all individuals that were placed on the Nebraska Sex Offender Registry based on a juvenile adjudication from another jurisdiction.

### Ascertainable Class

24. Because the Nebraska State Patrol maintained the sex offender registry, which includes the out-of-state adjudication records of all members of the proposed class, all of the information required to precisely define the class is readily available and already in the possession of the Nebraska State Patrol.

25. Based on public comments, the Nebraska State Patrol has already identified 74 individuals that would constitute the class.

### R. 23(a)(1) Numerosity

26. Upon information and belief, at least seventy-four (74) individuals were placed on the Nebraska Sex Offender Registry based on juvenile adjudications from other jurisdictions.

27. The class is so numerous that joinder of all members is impracticable.

### R. 23(a)(2) Commonality

28. The Constitutional issues for all of the class members are identical, and determination of the Constitutional issues will resolve the claims of all of the class members in one stroke.

### R. 23(a)(3) Typicality

29. The named plaintffs' claims are identical to those of other class members with respect to the relevant legal theory and factual circumstances, i.e. the claims of the named plaintiffs and class members arise from the same practice by the Nebraska State Patrol and the same legal theories.

### R. 23(a)(4) Adequacy

30. Plaintiffs' counsel participated in the cases of *Doe v. State of Nebraska*, Nos. 8:09CV456, 4:09CV3266, 4:10CV3004, 4:10CV3005, wherein District Judge Richard Kopf considered the constitutionality of amendments to Nebraska's Sex Offender Registration Act.

31. Plaintiffs' counsel was the attorney of record for the case of *A.W. v. State of Nebraska*, 865 F.3d 1014 (8th Cir.2017) (determining a juvenile adjudicated delinquent did not fall within the meaning of the term "sex offender" and was not subject to the Sex Offender Registration Act). The foregoing case led to the removal of plaintiffs and members of the proposed class from the Nebraska Sex Offender Registry.

32. Plaintiffs' counsel has twelve years of experience practicing law in the State of Nebraska and has litigated over 200 federal cases in the District of Nebraska, the Northern and Southern Districts of Iowa, the Northern District of Alabama, the Eighth Circuit Court of Appeals and the United States Supreme Court.

### R. 23(b)(3) Predominance and Superiority

33. There is a single, central, common issue of liability: whether Defendants application of SORNA to members of the class was unconstitutional.

34. The common issue of liability predominates the individual issue of damages.

35. The individual issue of damages can be readily determined in individual hearings, in settlement negotiations, or by creation of subclasses.

36. All damages sought by members of the class are the result of class-wide injury alleged in this suit. In other words, all damages in this case are attributed to the unconstitutional acts of the defendants and there are no acts of defendants resulting in damages to members of the class that are not challenged on a class-wide basis.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs request the Court grant them relief as follows:

1. Grant class certification;

2. Determine liability on a class-wide basis on all claims asserted;

3. Award compensatory damages (including but not limited to pain, suffering, and mental anguish, past and future, loss of earning capacity and lost wages) to individual class members or homogenous groups of class members, as appropriate;

4. Award punitive damages;

5. Award reasonable attorneys' fee; and

6. Other and further relief the Court deems just and equitable.

## JURY DEMAND AND DESIGNATION OF PLACE OF TRIAL

Plaintiffs demand this case be tried to a jury in Omaha, Nebraska.

DATED: January 29, 2018

JOHNNY DOES I-VII,

BY: *signature*

Joshua W. Weir (#23492)
Attorney for Plaintiffs
JOSHUA WEIR LAW OFFICES, LLC
1904 Farnam Street, Suite 425
Omaha, NE 68102
Phone: (402) 513-3650
Facsimile: (844) 222-2417
josh@joshweirlaw.com