# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHNNY DOE I, on behalf of themselves and others similarly situated; JOHNNY DOE II, on behalf of themselves and others similarly situated; JOHNNY DOE III, on behalf of themselves and others similarly situated; JOHNNY DOE IV, on behalf of themselves and others similarly situated; JOHNNY DOE V, on behalf of themselves and others similarly situated; JOHNNY DOE VI, on behalf of themselves and others similarly situated; and JOHNNY DOE VII, on behalf of themselves and others similarly situated;<br><br>                Plaintiffs,<br><br>vs.<br><br>DOUG PETERSON, Attorney General of the State of Nebraska, in his official capacity; JOHN A. BOLDUC, Colonel, Superintendent of Law Enforcement and Public Safety for the Nebraska State Patrol, in his official capacity; STATE OF NEBRASKA, RUSS STANCZYK, in his individual capacity; BRADLEY RICE, in his individual capacity; TOM SCHWARTEN, in his individual Capacity; DAVID SANKEY, in his individual capacity; and BRYAN TUMA, in his individual capacity;<br><br>                Defendants. | 8:18CV29<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Motions to Dismiss, ECF Nos. 3 and 6, filed by Defendants Doug Peterson, John Bolduc, and the State of Nebraska. For the

reasons stated below, the Motion to Dismiss, ECF No. 3, will be denied as moot and the Motion to Dismiss, ECF No. 6, will be granted.

**BACKGROUND**

The following facts are those alleged in the Amended Complaint, ECF No. 5, and assumed true for purposes of the pending Motions to Dismiss.

This action is brought under 42 U.S.C. § 1983 for monetary damages only. Each of the Plaintiffs is a current resident of Nebraska and, at some point prior to becoming a resident of Nebraska, "received a juvenile adjudication" for a sex offense while residing in another state. Am. Comp. ¶¶ 3-9, ECF No. 5, Page ID 23-4. Upon relocating to Nebraska, Plaintiffs were required to register under §§ 29-4003(1)(a)(iv)[1] or 29-4003(1)(b)(iii)[2] of the Sex Offender Registration Act (SORA), Neb. Rev. Stat. § 29-4001 *et seq*.

In *A.W. v. Peterson et al.*, this Court permanently enjoined defendants associated with the state of Nebraska and Red Willow County, Nebraska, from enforcing § 29-4003(1)(a)(iv) against the plaintiff, who was "adjudicated delinquent" in a Minnesota juvenile court for a sex offense. 8:14CV256, 2016 WL 1092477 (D. Neb. March 21, 2016), *aff'd A.W. v. Nebraska*, 865 F.3d 1014 (8th Cir. 2017). After the Eighth Circuit affirmed this Court's decision to grant an injunction, the State of Nebraska

---

[1] "The Sex Offender Registration Act applies to any person who on or after January 1, 1997: . . . [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." Neb. Rev. Stat. § 29-4003(1)(a)(iv).

[2] "In addition to the registerable offenses under subdivision (1)(a) of this section, the Sex Offender Registration Act applies to any person who on or after January 1, 2010: . . . [e]nters the state and is required to register as a sex offender under the laws of another village, town, city, state, territory, commonwealth, or other jurisdiction of the United States." Neb. Rev. Stat. § 29-4003(1)(b)(iii).

"notified [seventy-four] individuals, including the plaintiffs, that they were no longer subject to" SORA's registration requirements. Am. Comp., ECF No. 5, Page ID 23.

Although Plaintiffs are no longer required to register under SORA, they have brought this § 1983 action for damages as a result of their previously required registration, claiming violations of the Equal Protection Clause of the Fourteenth Amendment, the Privileges and Immunities Clause of Article IV, Section 2, the Privileges or Immunities Clause of the Fourteenth Amendment, and the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiffs did not respond to the Motions to Dismiss, ECF Nos. 3 and 6, filed by Peterson, Bolduc, and the State of Nebraska.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'"

*McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

Plaintiffs' claims are brought under 42 U.S.C. § 1983 against Doug Peterson and John Bolduc, in their official capacities only,[3] and against the State of Nebraska directly. Plaintiffs do not seek any prospective or injunctive relief; they have requested only

---

[3] "[A] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)).

4

money damages.  Plaintiffs cannot, however, maintain a § 1983 action for money damages against the State of Nebraska or against Peterson and Bolduc, in their official capacities.[4]  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *see also Howlett v. Rose*, 496 U.S. 356, 365 (1990).  Therefore, the § 1983 claims for monetary damages against the State of Nebraska and against Peterson and Bolduc, in their official capacities, will be dismissed, with prejudice.

The Court notes that Defendants Russ Stanczyk, Bradley Rice, Tom Schwarten, David Sankey, and Bryan Tuma have been sued in their individual capacities only and have submitted a separate Motion to Dismiss, ECF No. 19.  This Motion is not yet ripe; therefore, the Court will not rule on it at this time.

Accordingly,

IT IS ORDERED:

1. The Motion to Dismiss, ECF No. 3, is denied as moot;

2. The Motion to Dismiss, ECF No. 6, is granted;

---

[4] In the Amended Complaint, Plaintiffs attempt to demonstrate that Nebraska waived its sovereign immunity and consented to suit in federal court.  In its Motion to Dismiss, the State of Nebraska raised Eleventh Amendment sovereign immunity.  Whether Eleventh Amendment sovereign immunity bars Plaintiffs' damages claims against the State or not, Plaintiffs cannot maintain their damages claims against the State or Peterson and Bolduc, in their official capacities, because they are not "persons" subject to suit under § 1983.  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008).  In *McLean*, the Eighth Circuit explained

> [w]e need not address the question of whether the State waived its Eleventh Amendment immunity by voluntarily removing this matter to federal court.  Section 1983 provides for an action against a "person" for a violation, under color of law, of another's civil rights.  As the Supreme Court reminded us, "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted."

548 F.3d at 618 (quoting *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002)).

3. The claims for monetary damages under 42 U.S.C. § 1983 against Defendants Doug Peterson and John Bolduc, in their official capacities, and against the State of Nebraska are dismissed, with prejudice; and

4. Defendants Doug Peterson, John Bolduc, and the State of Nebraska are dismissed from this action, and the Clerk will amend the caption accordingly.

Dated this 11th day of May, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge